P.E.Barnes, Appellant

Jos.A.Blythe and Al.

Charles F.Claiborne,Judge.

March 5th 1923.

Court of Appeal
PARISH OF ORLEANS
3/5/23

Philip E.Barnes

vs                                    No. 8793

Joseph A.Blythe and Al.

Charles F.Claiborne,Judge.

This is a suit by a purchaser against his vendor to
recover the purchase price of land paid,on the ground of false
representations alleged to have been made by the vendor.

The petition alleges that on September 22nd 1919 plaintiff
entered into an agreement with the defendant,Blythe,to purchase
the following property;

"Lots One to ten inclusive,in square No.4 in the highway
tract of the City of New Orleans *** as shown on Josepg A.
Blythe's official map "that according to said map said lots are
represented by Piety Street,and on the opposite side of the
square by Conrad Kolb's Model Farm being apparently,according
to said map fronting on said Model Farm on the North Side of
the Louisville and Nashville Railroad tracks;that he recently
discovered ( the petition herein was filed on March 21st 1922 )
that said lots are on the South side of said railroad tracks
and about eight hundred feet from the nearest corner of said farm;
that said lots instead of being habitable,as he was led to believe
are wild undeveloped swamp lands,impossible of appraoch in wet
weather;that said lands now belong to the Blythe Company ; that
he has paid to Blythe and the Blythe Company Three Hundred
dollars in monthly payments of Ten Dollars each;that,on account
of the fraud and misrepresentation practiced upon him by Blythe
he is entitled to have his agreement of sale cancelled and the
part payments he made on account thereof reimbursed.

The defendants admitted the agreement of sale;admitted
that the boundary of the property sold is the property of Kolb';
admitted the payment of $300,but denied all the other allegations
of the petition.

134

There was judgment for defendants, and plaintiff has
appealed.

The questions therefore are: *Was plaintiff were*

*ted that paid* Were lots One to ten of square 4 on Blythe's map on the
North side of the railroad track, and were any representations
made to the plaintiff that said lots were habitable, and even
if such representations were made, do they constitute a cause of
action?

1st    The Plaintiff being sworn was asked:

Q    Was any map shown you at the time of making this purchase

A    Yes, Sir.

Q    Look at this map and see if it is the map that was shown?
Do you identify the lots you bought on that map ?

A    Yes, sir. Witness points out on map lots one to ten in
square bounded by Powhatan, Hiawatha, Piety and Kolb's
Model Farm property.

Q    Take this map again and indicate to me where you stood
in regard to your last answer &

A    Witness indicates on map, pointing to the L. and N.
R.R. tracks, the property line of C. Kolb's Model Farm, and
looked in towards the City, where my lots is supposed
to be located.

Q    As I understand you answer, you were standing with your
back to the C. Kolb Model Farm which was North ?

A    Towards the Lake.

Q    And you looked towards the City ?

A    Yes, Sir.

Q    And the lots you bought were in that direction towards
the City ?

A    Yes Sir.

Mr Frank J. Barnes father of plaintiff, says that he was
present when his son made the agreement to purchase these lots;

that an official map was shown at the time;that he made a sketch
of it; Mr Blythe showed him the official map when he went into
their office"to find out the location of the lots.He produced
that sketch,and upon it are designated the ten lots fronting"
Conrad Kolb Model Farm and Piety Street and also fronting Pow-
hatan Street and bounded upon the other side ef by Hiawatha
Street in square No.4 upon the South or River side of the L and
N. RRD.track.and upon the corner of the sketch is the following
writing.: " Lots 80 X 80 square 4 Highway Su.Div.– Lots Nos 1 to
10 "– Upon the North of the RRD.tracks,with some property lines
intervening,a roadway is traced some distance from the RRD.track
and parallel to it marked " Gentilly Road "

This evidence establishes to our satisfaction that the
plaintiff was informed and knew where the lots he purchased were
located and that there was therefore neither error on his part,
nor fraud onthe part of his vendor.

II     The plaintiff testifies that at the time he signed the
agreement of dale he was told that the lots were" high and dry
and ready for building."The defendant denies that he made those
statements.

But even if those statements had been made they do not
constitute cause for annulling the sale .

C.C.Art.2476 (2451) ¤

The warranty respecting the seller has two objects;
the first is the buyer's peaceable possession of the thing sold,
and the second is " the hidden defects of the thing sold on its
redhibitory vices."

C.C.2521 (2497 )

" Apparent defects,that is such as the buyer might have
discovered by simple inspection are not among the number of
redhibitory vices." C.N.1642

C.C.1847 S 3 : " A false assertion as to the value of
that which is the object of the contract,is not such an

artifice as will invalidate the agreement,provided the object
is of such a nature and is in such a situation that he,who is
induced to contract by means of the assertion,might,with ordinary
attention,have detected the falsehood;he shall then be supposed
to have been influenced more by his own judgment than the
assertion of the other."

As early as 6 A 386,(1851 ) Poree vs Bonneval,the Supreme
Court decided that a purchaser of a house could not refuse to
pay the price on the ground that it was badly in need of repairs
while it had been represented to him as in good condition,on
the ground that the state of the premises was apparent to any
person disposed to purchase."
See also A 390-10 R 5 - 3 A 4 -5 A 491-6A 426- 52 A 1957 (1964 )
111 La 32 -33 A 1364 and cases there quoted.

In the case of Great Eastern Oil Co.vs Bullock 151 La
209 the Court said :
" On the other hand,parol evidence would be admissible to show
any misrepresentation of conditions actually existing or which
had existed before;for the vendor who misrepresents the thing
sold is guilty of fraud.C.C.1847 .This,however,is not applicable
where the purchaser is in a position to find out for himslef
whether the representations of the vendor be true C.C. 2521,1847
No.3 .In the present case,aside from the fact that the evidence
is conflicting as to any such misrepresentation,the record shows
that by simply demanding the certificates of the Oil refining Co.
plaintiff could have found out for itseld exactly the amount of
oil produced."

In Slanghter vs Gerson 80 U.S. 379 the Court said on
P.385 :
" The doctrine,substantially as we have stated it,is laid
down in numerous adjudications.

" Where the means of information are at hand and equally
open to both parties and no concealment is made or attempted,the
language of the cases is,that the misrepresentation furnishes nc
ground for a Court of equity to refuse to enforce the contract

of the parties. The neglect of the purchaser to avail himself in all such cases, of the means of information, whether attributable to his indolence or credulity, takes from him all just claim for relief."

The facilities for investigation within the reach of plaintiff at the time of the agreement of sale were as great as at the time he discovered that the lots purchased by him were not "high and dry and ready for building purposes ".

The cases in 113 La 134 and 46 A 499 relied on by the plaintiff, are not in point.

Judgment affirmed.

March 5th 1923